IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| CHRISTOPHER T. PHELPS, | ) ) ) | Case Nos.   07-CV-0289-MJR |
| Plaintiff, | ) ) ) | 07-CV-0290-MJR 07-CV-0307-MJR |
| vs. | ) ) ) |  |
| GARY TYNER, et al., | ) |  |
| Defendants. |  |  |

## ORDER

**REAGAN, District Judge:**

　　　　This matter is before the Court, *sua sponte*, to determine whether this case should be consolidated for purposes of trial with *Phelps v. Tyner*, Cause No. 07-cv-0290, and *Phelps v. Tyner*, Cause No. 07-cv-0307, all pending before the undersigned District Judge.

　　　　In the instant action, Christopher Phelps filed suit against various Defendants alleging that he was mistreated while incarcerated at the Williamson County Jail. Specifically, Phelps alleges that, on February 6, 2006, various Defendants without cause, justification or warning used excessive force on him. Phelps filed two additional lawsuits also alleging excessive force while incarcerated at Williamson County Jail. In Cause No. 07-cv-0290, his cause of action arises out of an incident that occurred on February 7, 2006, and, in Cause No. 07-cv-0307, his cause of action arises out of an incident that occurred on June 17, 2006.

　　　　All three lawsuits involve Defendants who are Correctional Officers for Williamson County Jail or a medical provider. Phelps is represented by the same lawyer in all three lawsuits;

Defendant Correctional Officers are represented by the same lawyer in all three lawsuits . Counsel for Marilyn Lynn, a nurse, who is a Defendant in Cause No. 07-cv-290 only, has previously consented to consolidation (*see* Doc. 56 therein).

> **FEDERAL RULE OF CIVIL PROCEDURE 42(a)** provides:
>
> When actions involving a common questions of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

**Fed.R.Civ.P. 42(a)**. "The primary purpose of consolidation is to promote convenience and judicial economy." *Miller v. Wolpoff & Abramson, LLP*, **2007 WL 2473431, \*2 (N.D.Ind. 2007)**, *citing Mabry v. Village Mgmt., Inc*., **109 F.R.D. 76, 79 (N.D.Ill. 1985)**. "Rule 42 is designed to encourage consolidation and is a 'managerial device [that] makes possible the streamlined processing of groups of cases, often obviating the need for multiple lawsuits and trials.'" *Id*., *quoting* **8 James W. Moore, et al., Moore's Federal Practice § 42.10, at 42-8 (3rd ed. 2005)**.

The three Phelps excessive force cases involve common issues of law and fact as well as witnesses common to all cases. The evidence presented in the three lawsuits is almost certain to overlap. Consolidation of these cases will conserve judicial resources. Additionally, the United States Court of Appeals has encouraged District Courts to consolidate related cases or transfer them to a single District Judge. *See, e.g., Smith v. Check-N-Go of Illinois*, **200 F.3d 511, 513 n.1 (7th Cir. 1999)**; *Blair v. Equifax Check Services*, **181 F.3d 832, 839 (7th Cir. 1999).**

For all these reasons, the Court concludes that consolidation of these three cases for trial is appropriate. Accordingly the Court **ORDERS** that *Phelps v. Tyner*, Cause No. 07-cv-0289, *Phelps v. Tyner*, Cause No. 07-cv-0290, and *Phelps v. Tyner*, Cause No. 07-cv-0307 are

consolidated for trial.

As a final matter, the undersigned District Judge hereby **NOTIFIES** the parties as follows regarding the trial of this matter. If any claims survive dispositive motion resolution, Jury Trial will commence at 9:00 a.m., Monday, July 12, 2010. Three days have been set aside on the Court's docket for the trial of this matter -- 7/12/10 - 7/14/10.  A formal Order setting trial (on this firm date) will be entered once the case is certified trial-ready by Judge Frazier.  Absent exigent circumstances, it is unlikely that this trial will be continued.  In view of the trial date selected, the parties shall contact Magistrate Judge Frazier regarding modification of the scheduling order.

**IT IS SO ORDERED.**

**DATED this 25th day of February, 2010.**

> s/Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**